**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

In re:                                                                                  Chapter 7
                                                                                        Case No. 14-22320-RAM

Hratch Hutch Khandjian,

Debtor.                                              /

**DEBTOR'S ANSWER IN OBJECTION TO MOVANT'S GREGORY SHAW'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

      The Debtor, Hratch Hutch Khandjian, hereby submits this objection to an Amended Motion for Relief from the Automatic Stay [DE 18] filed by unsecured creditor Gregory Shaw, to pursue a personal injury claim filed against the Debtor in the Miami-Dade County Court for the 11th Judicial Circuit (Case No.: 14-008533CA01). In support of this objection, the Debtor respectfully states as follows:

**Factual Background**

      1. On April 1, 2014, Gregory Shaw ("Movant"), filed a personal injury claim against the Debtor based on an automobile accident that took place on July 30, 2013, alleging that the Debtor's negligence led to the accident, causing Mr. Shaw's personal injuries (Case No.: 14-008533CA01).

      2. On May 29, 2014, the Debtor filed the present Chapter 7 Bankruptcy in the Southern District of Florida (14-22320).

      3. Movant subsequently filed a Motion for Relief from Stay on July 7, 2014 [DE 15].

      4. Movant filed an Amended Motion for Relief from Stay on July 21, 2014 [DE 18]

      5. The Amended Motion contains unproven and/or inflammatory accusations that bear no relevance on the stay. These statements are as follow:

1

- Paragraph 1 – Movant states the conclusion of law that he was injured "as a result of the negligent of the Debtor."
- Paragraphs. 5-8 – Movant outlines incorrect and irrelevant accusations claiming that the Debtor was in Lebanon and Brazil while the Bankruptcy was ongoing.
- Paragraph 9 – Movant again states the conclusion of law that the Debtor was Negligent.
- Paragraph 21 – In the first sentence, Movant again incorrectly and irrelevantly states that the Debtor was traveling around the world in the midst of the Bankruptcy.

6. Because the Amended Motion contains unproven, inflammatory accusations that bear no relevance on the stay, and because the Debtor wants to prevent those statements from being construed as admissions of guilt, the Debtor has filed this objection.

**Response**

**A. Debtor Objects to Movant's Unproven Accusations Contained Within the Amended Motion on the Basis that they are False, Irrelevant and Inflammatory.**

7. In paragraphs one and nine, Movant satates that the Debtor's negligent driving caused Movant's injuries. [DE 18, p. 1, 3]. This is a conclusion of law that has not yet been established in Court. Debtor objects in order to prevent these statements from being later construed as admissions of guilt.

8. Paragraphs five through eight, and the first sentence of paragraph twenty-one in Movant's Amended Motion read as follows:

> Movant has made a significant effort and expense to serve the Debtor prior to the Debtor filing for bankruptcy, including attempting service at his residence and his work. The Verified Return of Service is attached as "Exhibit D".
> However, those around Debtor have helped him avoid service, including the manager at Florida Fine Cars instructing the process server that on or about May 29, 2014, Debtor was in Lebanon and the return date was unknown? *See* Exhibit D.
> And yet the *very next day,* Debtor posted a picture in his office of Florida Fine Cars. *See* Exhibit E.
> And apparently the trip was not over after filing for Bankruptcy because in the middle of this bankruptcy proceeding on July 13, 2014, the day of the World Cup Finals in Brazil and only four days after completing a "Certificate of Debtor Education" [D.E. 16] on personal financial management, while my client is in pain and

> stuck with significant medical bills, Debtor was in Brazil on an apparent vacation, where World Cup tickets alone are thousands of dollars per ticket. *See* Exhibit F.
>
> While Movant is stuck with significant medical bills, Debtor in the midst of bankruptcy is traveling around the world on vacation to Lebenon and Brazil.

[DE 18, p. 2,6]

9. The information contained in these paragraphs is false, irrelevant and inflammatory. Debtor was never in Lebanon or Brazil during the Bankruptcy. Movant claims that he made significant efforts to serve the Debtor prior to the filing of the Bankruptcy. Yet, by Movant's own admission based on his Verified Return of Service, Movant attempted to serve the Debtor on May 30, 2014, one day after the Bankruptcy had already been filed [DE 18, Exhibit D].

10. In the Verified Return of Service filed by Movant as Schedule D of his Amended Motion, the Debtor's employer incorrectly stated that the Debtor was in Lebanon. The Debtor was simply unwilling to tell his employer that his absence at work was due to the fact that he was going to file a Bankruptcy. Instead, the Debtor's employer was under the erroneous belief that the Debtor was in Lebanon. On May 30, 2014, the Debtor was in The United States as can be verified by the fact that he came to his Bankruptcy Attorney's office on May 29, 2014 to sign and file his Bankruptcy Petition and again on May 30, 2014 to bring additional Bankruptcy related documents needed for his file.

11. Moreover, the only evidence Movant has in support of the Debtor's alleged trip to Brazil during the World Cup while the Bankruptcy was underway is a picture of a map on Facebook indicating that the Debtor was in Brazil [DE 18, Exhibit F]. This was in fact a practical joke and Debtor instead viewed the world cup at his friend's house, where several other people were in attendance and thus could verify. An inspection of the Debtor's passport will also confirm that the Debtor did not leave the United States during his Bankruptcy.

12. These unproven statements are inflammatory and create the appearance that the Debtor was potentially misusing funds belonging to the Bankruptcy estate. Furthermore, they bear no relevance on Movant's request for relief from stay since none

of these allegations, even if true, constitute valid grounds under 11 U.S.C. § 362(d)(1) for granting the relief from stay.

## Conclusion

12. In sum, the Debtor objects to the use of inflammatory and untrue statements throughout the Amended Motion. Therefore, we respectfully request that the Movant's Amended Motion be denied or in the alternative, that Movant be ordered to re-file his Motion without the irrelevant, inflammatory accusations outlined herein.

**Submitted by:**

/s/ Anthony DiTocco
Anthony DiTocco, Esq 797693
DiTocco Law Group, PLLC
6750 N. Andrews Ave., Ste. 200
Fort Lauderdale, FL 33309
(O) 954-566-9000 (F) 954-337-0305
tditocco@ditoccolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, a copy of the Debtor's Answer in Objection to Movant's, Gregory Shaw's Motion for Relief from Stay, was served electronically or by regular United States mail to all interested parties listed below.

/s/ Anthony DiTocco
Anthony DiTocco, Esq 797693
DiTocco Law Group, PLLC
6750 N. Andrews Ave., Ste. 200
Fort Lauderdale, FL 33309
(O) 954-566-9000 (F) 954-337-0305 tditocco@ditoccolaw.com

**Electronic Mail Notice List:**

Atlas Acquisitions,LLC    bk@atlasacq.com
Ross R Hartog    rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Via US Mail:**

Matthew Sean Tucker
2515 Marina Bay Dr West #202
Ft Lauderdale, FL 33312